

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| KENNETH GENE SCOTT,                §<br>         Plaintiff,               §<br>                                    §<br>vs.                                 §         Civil Action No.: 8:22-2031-MGL<br>                                    §<br>RICHLAND COUNTY,                    §<br>         Defendant.              § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING AND PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kenneth Gene Scott (Scott) filed a complaint against Defendant Richland County alleging various causes of action arising out of his incarceration at the Alvin S. Glenn Detention Center, operated by Richland County.

Scott's complaint alleges violation of his Fourth, Eighth, and Fourteenth Amendment rights; a claim under 42 U.S.C. § 1983; a claim under the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq.*; a state law claim for gross negligence; a state law claim for intentional infliction of emotional distress; and a claim for attorney and expert fees under 42 U.S.C. § 1988.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant in part and deny in part Richland County's motion to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 30, 2023. Richland County objected on July 14, 2023, and Scott replied on July 21, 2023. Scott's three-sentence reply merely states that the Report is exhaustive, and the Court should refrain from rehashing arguments made in the briefing on the motion to dismiss. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets forth a thorough recitation of the facts of this case as alleged by Scott, which the Court will repeat only to the extent necessary to its analysis in this order.

First, Richland County contends Scott has failed to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) as to his claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment rights. Specifically, it insists Scott failed to allege the existence of an official policy or custom attributable to Richland County necessary for municipal liability.

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

Contrary to Richland County's contentions, Scott has alleged specific conditions of confinement that he has suffered while in pretrial detention, such as twenty-four hour a day isolation, being locked in a shower stall for more than a day, and denial of medical care. Moreover, he claims these conditions are "commonplace for all inmates with mental health diagnoses, and such treatment was [the facility's] unwritten policy, custom, and practices." Complaint ¶ 19(v).

This is more than a formulaic recitation of the elements of a Section 1983 offense. *See Iqbal*, 556 U.S. at 678 (reasoning a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

He has alleged that the unlawful practices are so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Lytle*, 326 F.3d at 471. This is sufficient to state a claim under the fourth type of policy or custom.

The Court will thus overrule this objection.

Second, Richland County also argues Scott has failed to state a claim as to his assault and battery claim.

At this early stage of the proceedings, the Court determines Scott has sufficiently placed Richland County on notice of this claim. He has alleged that Richland County guards attacked him, held him down, and forced him into a restraint chair. The Court will thus overrule this objection, as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Richland County's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Richland County's motion to dismiss is **DENIED** as to Scott's Section 1983 claim for violation of his Fourteenth Amendment rights and his assault and battery claim and **GRANTED** as to his other claims, which are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 1st day of August 2023, in Columbia, South Carolina.

                                                                   s/ Mary Geiger Lewis
                                                                   MARY GEIGER LEWIS
                                                                   UNITED STATES DISTRICT JUDGE